IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUZANNE F.,[1]   No. 3:18-cv-00766-HZ

        Plaintiff,   OPINION & ORDER

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Merrill Schneider
SCHNEIDER KERR & ROBICHAUX
P.O. Box 14490
Portland, OR 97293

   Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
Renata Gowie
ASSISTANT UNITED STATES ATTORNEY
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION AND ORDER

Sarah L. Martin
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Suzanne F. brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands for immediate payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on February 23, 2011, alleging an onset date of February 1, 2011. Tr. 321, 115.[2] Her application was denied initially and upon reconsideration. Tr. 136, 143. On October 30, 2012, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 32. On November 29, 2012, the ALJ found Plaintiff not disabled. Tr. 101. On May 16, 2014, The Appeals Council vacated the ALJ's decision and remanded for further proceedings. Tr. 107–08. Plaintiff appeared again, with counsel, for a supplemental hearing before the ALJ on March 3, 2016. Tr. 113. On March 24, 2016, the ALJ found Plaintiff not disabled. Tr. 129. The Appeals Council denied further review on February 27, 2018. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on borderline intellectual functioning, neuropathy in her upper extremities, hypothyroidism, goiter, carpal tunnel syndrome, headaches, and polysubstance

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative

2 – OPINION AND ORDER

abuse. Tr. 370. At the time of the hearing, she was 43 years old. Tr. 57. Plaintiff did not complete high school and has no relevant past work experience. Tr. 409, 128.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

---

record, filed herein as Docket No. 13.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after the application date of February 23, 2011. Tr. 115. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "polysubstance (alcohol and cocaine) abuse, borderline intellectual functioning, neuropathy in upper extremities, hypothyroidism and goiter, carpal tunnel syndrome, asthma, and headaches." Tr. 115–16. However, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 116. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> she can never climb ladders, ropes, or scaffolds. She is limited to simple, repetitive task jobs involving occasional public contact. She can frequently, but not constantly, handle, finger, and feel in both upper extremities.

Tr. 118. The ALJ concluded that Plaintiff had no past relevant work. Tr. 128. But at step five the ALJ found that there are jobs that exist in significant numbers in the national economy that

Plaintiff can perform, such as "office cleaner," "rental car cleaner," and "laundry sorter." Tr. 128–29. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 129.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to find that her borderline intellectual functioning met listing 12.05C at step three and (2) rejecting the opinion of the consultative examiner Dr. Olga Senashova, M.D. Pl. Br. 4, 6, ECF 14. The Commissioner argues that (1) Plaintiff has not shown that she meets the requirements of listing 12.05C and (2) that the ALJ reasonably weighed the consultative examiner's opinion. Def. Br. 3, 8, ECF 15. Furthermore, the parties disagree on whether the Court should remand this case for an award of benefits or for

further proceedings. Pl. Br. 11; Def. Br. 10. Because the Court finds that Plaintiff meets the requirements of Listing 12.05C and is therefore disabled, it remands this case for an immediate award of benefits and does not reach Plaintiff's remaining arguments.

If a claimant meets or medically equals a listed impairment at step three of the sequential analysis, then she is presumed disabled regardless of her age, education, or work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence to establish all of the requisite medical findings that her impairments meet or equal any particular listing. An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering, "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant[.]" 20 C.F.R. § 404.1526(a), (c). Finally, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir.1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985)). "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Id.*

Listing 12.05C has three requirements.[3] First, the introductory paragraph requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports

---

[3] This case is governed by an earlier version of the regulation which has since been superseded by new regulations that became effective on January 17, 2017. *See* 81 Fed. Reg. 66137 (Sept. 26, 2016).

onset of the impairment before age 22." 20 C.F.R. Part 404, Subpt. P, App'x 1 § 12.05(c).
Second, as described in paragraph C, a claimant must show that she has a "valid verbal,
performance, or full scale IQ of 60 through 70." *Id*. Third, the claimant must show that she has
"a physical or other mental impairment imposing an additional and significant work-related
limitation of function." *Id*.

The Commissioner admits that Plaintiff meets the second and third requirements of the listing: "[Plaintiff] had an IQ score of 60 to 70 (Tr. 412) and another impairment causing significant work-related limitations (Tr. 115–16)." Def. Br. 5. Dr. Keli Dean, Psy.D., determined that Plaintiff has a full scale IQ of 67 and that Plaintiff "falls within the *Extremely Low* range at the 1st percentile." Tr. 412. The ALJ found that Plaintiff's severe impairments include polysubstance abuse, borderline intellectual functioning, neuropathy in upper extremities, hypothyroidism and goiter, carpal tunnel syndrome, asthma, and headaches. Tr. 115–116. These findings are sufficient to satisfy Listing 12.05C's third requirement. *See Snyder v. Comm'r, Soc. Sec'y Admin.,* No. 6:15-cv-02400-SU, 2017 WL 2981233, at *4 (D. Or. June 19, 2017) (citing *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1015 (D. Or. 2011)) (holding that the third element "is satisfied if the ALJ found that plaintiff has another severe impairment at step two of the sequential analysis"). Accordingly, the Court finds that Plaintiff has satisfied Listing 12.05C's second and third requirements.

The parties disagree as to whether Plaintiff's impairment satisfies the first requirement of Listing 12.05C. Specifically, the Commissioner claims that Plaintiff must demonstrate that her limitations in adaptive functioning are "significant" in order to satisfy this requirement. Def. Br. 6. However, the introductory paragraph only requires Plaintiff to show subaverage intellectual

functioning with some deficits in adaptive functioning that initially manifested before age 22.[4]
The purpose of the introductory paragraph of the Listing is to "limit coverage to an innate condition, rather than a condition resulting from a disease or accident in adulthood." *McGrew v. Colvin*, No. 3:13-cv-01909-SI, 2015 WL 1393291, at *5 (D. Or. Mar. 25, 2015) (quoting *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010)). Thus, the introductory paragraph requires only "that deficits in adaptive functioning exist, not evidence that a claimant has no adaptive functioning skills." *Id.* at *7. In other words, the first prong from the introductory paragraph does not inquire into the severity of the deficits in adaptive functioning; this is established by the other criteria—prongs two and three—of Listing 12.05C. *Id.* at *5. To show the existence of such functional deficits, "[a] claimant may use circumstantial evidence . . . such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Pedro*, 849 F. Supp. 2d at 1011–12 (quoting *Campbell v. Astrue*, No. 1:09–CV–00465GSA, 2011 WL 444783, *17 (E.D. Cal. Feb. 8, 2011)).

The ALJ cites evidence that demonstrates Plaintiff has deficits in adaptive functioning. Although the ALJ did not expressly find at step three that Plaintiff had deficits before age 22, he did find on March 24, 2016, that with regard to other Listings for mental disorders that Plaintiff had mild restrictions in activities of daily living, moderate difficulties in social functioning, and marked difficulties in concentration, persistence, and pace. Tr. 116–17.

---

[4] Deficits in adaptive functioning refer to a "failure to meet developmental and sociocultural standards for personal independence and social responsibility." AM. PSYCHIATRIC ASS'N, *Diagnostic and Statistical Manual of Mental Disorders* 33 (5th ed. 2013). Adaptive functioning has been described in this District as: "How effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, socioeconomic background, and community setting. . . . Problems in adaptation are more likely to improve with remedial efforts than is the cognitive IQ, which

The Commissioner argues that Plaintiff's "established ability to work and adequately care for her children belie her argument that her intellectual functioning . . . was per se disabling." Def. Br. 8. However, a "[c]laimant's ability to take care of herself and her children, though certainly physically and emotionally demanding, is no indication of the intellectual demand of those activities and is not inconsistent with [an intellectual disability]." *Pedro*, 849 F. Supp. 2d at 1014 (quoting *Lewis v. Astrue*, No. C 06-6608SI, 2008 WL 191415 at *7 (N.D. Cal. Jan. 22, 2008)). The additional daily activities and work history that the Commissioner identifies such as using public transportation, using a computer to look for work, and shopping are not inconsistent with the criteria of Listing 12.05C. Def. Br. 6; *See Pedro*, 849 F. Supp. 2d at 1014 (recognizing "daily activities such as reading, driving, and cleaning are not necessarily inconsistent with mental retardation"); *McGrew*, 2015 WL 1393291, at *7 (holding that the ALJ's reliance on the plaintiff's work history and living skills was in error and recognizing that those abilities "d[o] not indicate that a claimant does not have deficits in adaptive functioning"); *Conley v. Colvin*, 274 F. Supp. 3d 1119, 1123 (D. Or. 2017) ("Listing 12.05C does not require a finding that a plaintiff cannot perform basic daily activities."); *Huber v. Astrue*, No. CIV-10-8043, 2010 WL 4684021, at *4 (D. Ariz. Nov. 12, 2010) (same). Furthermore, Plaintiff's unskilled work history—as described below—generally supports Plaintiff's contention that she has an innate condition as required for a finding of disability under Listing 12.05C. *See Pedro*, 849 F. Supp. 2d at 1008, 1011–12 (finding that a plaintiff with a high school degree; a history of special education classes; some community college; and past work as a teacher's aide, grocery and deli clerk, fast food worker, and laundress met the requirement of the introductory paragraph in Listing 12.05C).

---

tends to remain a more stable attribute." *Pedro*, 849 F. Supp. 2d at 1011 n.1.

The record includes evidence that demonstrates Plaintiff has deficits in adaptive functioning that manifested prior to age 22. In a learning disability evaluation conducted by Dr. Keli Dean, a licensed psychologist, Plaintiff described difficulties in school. Tr. 408. Plaintiff told Dr. Dean that she "found school to be difficult and received mainly Cs and Ds." Tr. 409. Plaintiff describes her academic performance as "slow." Tr. 409. Her parents were told she "needed special help," but she never received any extra assistance. Tr. 409. She left high school in 10th grade without graduating after she became pregnant. Tr. 409. Plaintiff returned to her studies at age 41 when she enrolled in GED classes from November of 2010 to January 2011. She thought she was doing well. Tr. 409. However, her instructors told her she was "too slow," and she told Dr. Dean that she could not understand the information, which resulted in her feeling "overwhelmed" and "confused." Tr. 409. Plaintiff was terminated from her GED program because of poor attendance due to her medical problems and slow progress. Tr. 409. Dr. Dean concluded that to complete the GED program Plaintiff would "need one-to-one assistance and extended time for classes and test taking. Even with these accommodations she may not be able to pass all of her subject areas." Tr. 415.

Plaintiff also has a scattered history of working unskilled entry-level jobs for short periods of time. Tr. 326. These include working on and off for her father in the positions of dishwasher, janitor, and prep cook; working at a Burger King; working at 7-Eleven as a cashier; and working at a tobacco and pipe shop as a cashier. Tr. 409–10. Plaintiff told Dr. Dean that these positions were about one year in duration and that "her till often came up short, and she believed this was a result of her difficulty correctly counting back change." Tr. 410. Plaintiff's total lifetime earnings are $6,705.35. Tr. 307. As with her educational accommodations, Dr.

Dean concludes that in the employment context Plaintiff would require "a job coach or one-to-one training" in addition to other accommodations. Tr. 418.

Along with the problems in school and work, Plaintiff reports other deficits in adaptive functioning such as difficulty understanding and completing paperwork along with trouble performing mathematical calculations beyond basic division and multiplication. Tr. 409. For example, she repeatedly called her DHS case manager for help with understanding written notices. Tr. 409. She described additional difficulties with concentration and learning. Tr. 409. Dr. Dean concludes that Plaintiff's broad reading, math, and language skills are at the fourth and fifth grade levels. Tr. 413. Based on her challenges in school, low-skilled work history, and difficulties in reading, writing, and mathematics, the Court finds that Plaintiff has satisfied the first requirement of listing 12.05C by demonstrating deficits in adaptive functioning that manifested prior to age 22. See *Pedro*, 849 F. Supp. 2d at 1011–12. Accordingly, Plaintiff meets all three requirements of the listing, and the ALJ's decision at step three is reversed.

District courts have discretion under 42 U.S.C. § 405(g) to remand for further administrative proceedings or to order immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). Except in rare circumstances, remand for further proceedings is the appropriate course of action. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). But, where further proceedings would serve no useful purpose, a court has discretion to remand for immediate payment of benefits. *Id.*; *Harman*, 211 F.3d at 1179 ("[T]he decision whether to remand for further proceedings turns upon the likely utility of such proceedings.").

In this case, the ALJ erred by concluding that Plaintiff was not disabled at step three and failing to consider whether Plaintiff meets the requirements of Listing 12.05C. The record is

fully developed on this issue. The evidence demonstrates that Plaintiff meets Listing 12.05C, is "presumed disabled, and no further inquiry is necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991). Remand for additional proceedings would serve no purpose and "would needlessly delay effectuating the primary purpose of the Social Security Act," which is "to give financial assistance to disabled persons. . . ." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Accordingly, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for immediate payment of benefits.

IT IS SO ORDERED.

Dated this 28 day of July, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge